```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
         HAMMOND DIVISION


SANDRA SCOTT,                    )
                                 )
          Plaintiff              )
                                 )
     v.                          )   Case No. 2:10 cv 442
                                 )
MENARD, INC.,                    )
                                 )
          Defendant              )
```

OPINION AND ORDER

This matter is before the court on the Motion for Sanctions [DE 14] filed by the defendant, Menard, Inc., on January 20, 2011. For the following reasons, the motion is **GRANTED.**

Background

The plaintiff, Sandra Scott, filed her complaint against the defendant on January 19, 2010, in the Superior Court of Lake County. The defendant, Menard, Inc., states that it did not receive service of the complaint, and therefore did not timely respond. Scott represents that the complaint was sent by certified mail. However, the certified mail green card was signed by the plaintiff's counsel's secretary, Marisa Turner. Scott's attorney represented to the Lake County Superior Court that service had been effectuated on the defendant.

Upon learning of the pending lawsuit, Menard's counsel removed the matter to this court on November 4, 2010. The following day, Menard filed a motion to dismiss, asserting a lack

of personal jurisdiction, lack of service, insufficiency of service of process, and failure to prosecute. Scott filed a motion to remand on November 15, 2010, arguing that Menard did not file its petition of removal within 30 days of service. Menard promptly responded and submitted evidence that it never was served with process. Scott's reply brief would have been due on November 29, 2010, but Scott did not file a reply brief to refute Menard's evidence. Menard contacted Scott's counsel, explaining that the motion to remand was frivolous because it never received service, and asked Scott to withdraw the motion to remand. Scott did not respond. The court denied Scott's motion to remand, noting the absence of response and strength of Menard's evidence showing that it did not receive service.

Menard now requests the court to sanction Scott, arguing that the motion to remand was frivolous. Scott did not timely respond to the motion for sanctions. On February 23, the court directed Scott to file a response, which she ultimately filed on March 2, 2011. Scott admits that the summons and complaint were not properly served on Menard, indicating that the failure was the result of an error with the postal service. However, Scott's response is devoid of an explanation to support her motion to remand, does not point to any evidentiary support for her motion to remand, and does not explain why she did not withdraw her

2

motion upon learning that Menard did not receive service of process.

## Discussion

"Rule 11 . . . plainly authorizes a district court to sanction a lawyer who without reasonable inquiry tenders a submission that includes legal contentions not warranted 'by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.'" ***Berwick Grain Co., Inc. v. Illinois Dept. Of Agriculture***, 217 F.3d 502, 503 (7th Cir. 2000) (*quoting* Federal Rule of Civil Procedure 11(b)(2), (c)). The court defines a frivolous motion warranting sanctions as one that is "baseless or made without a reasonable and competent inquiry." ***Berwick***, 217 F.3d at 503; ***Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.***, 202 F.3d 965, 969 (7th Cir. 2000). This includes motions clearly lacking in evidentiary support. Rule 11(b)(3). Frivolous or legally unreasonable arguments may be sanctioned by a number of methods, including "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(4).

3

Counsel for the plaintiff failed to satisfy his duties under Rule 11 on multiple accounts. First, he did not file a reply brief in support of his motion to remand, explaining why his motion had merit. If counsel believed his motion had merit, he has yet to provide an explanation for failing to reply, nor has he explained his evidentiary basis to refute the defendant's evidence showing that it did not receive service. The plaintiff has offered nothing tending to show that she did not know, or did not have reason to know, that the summons and complaint were served upon plaintiff's own secretary, rather than defendant. For this reason, the court must believe that Scott's motion to remand was filed without evidentiary support.

Although Scott admits that the complaint and summons were not served upon Menard, explaining that it was the fault of the postal service, this does not explain why Scott did not withdraw his motion upon learning of this error. Menard provided Scott with the opportunity to withdraw the motion to remand prior to filing sanctions. Menard explained its position and evidentiary support, yet Scott did not comply and did not offer any explanation for failing to do so. Scott's delegation of fault to the postal service does not explain his own errors of filing or failing to withdraw a motion lacking in evidentiary support. Absent an explanation tending to show that the motion to remand


was not frivolous, the court **GRANTS** Menard's motion for sanctions. Counsel for the plaintiff is **ORDERED** to pay the reasonable attorney fees and costs the defendant incurred in preparing a response to the motion to remand and the motion for sanctions. Menard's counsel is **DIRECTED** to file a fee affidavit within 14 days of entry of this Order.

ENTERED this 28th day of June, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge