```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
         HAMMOND DIVISION


SANDRA SCOTT,                  )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:10 cv 442
                               )
MENARD, INC.,                  )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Enforce Court's June 28, 2011 Order [DE 38] filed by the defendant, Menard, Inc., on August 9, 2011. For the following reasons, the motion is **GRANTED**.

Background

The plaintiff, Sandra Scott, filed her complaint against the defendant, Menard, Inc., on January 19, 2010, in the Superior Court of Lake County. Menard never filed an answer, and Scott's counsel, Adrian Smith, moved for default judgment. Smith represented that the complaint was sent to Menard by certified mail. However, the certified mail card bore the signature of Smith's secretary, Marisa Turner. Upon learning of the pending lawsuit, Menard's counsel removed the matter to this court. Smith proceeded to file a motion to remand, arguing that Menard did not file its petition of removal within 30 days of service. Menard promptly submitted evidence that it never was served with pro-

cess. Menard's counsel contacted Smith and asked him to withdraw the motion, explaining that it was frivolous because Menard never received service. Smith did not respond, withdraw his motion, or file a reply in support of his motion to remand.

On January 20, 2011, Menard requested sanctions for having to respond to the frivolous motion to remand. Smith did not respond timely to the motion for sanctions. After the deadline to respond, the court directed Smith to file a response, which was ultimately filed on March 2, 2011. In the response, Smith did not explain why the motion to remand had merit, point to any evidentiary support, or discuss why he failed to withdraw the motion. In light of these shortcomings, the court granted Menard's motion for sanctions and directed that "[c]ounsel for plaintiff is ordered to pay the reasonable attorney's fees and costs . . . ." Menard's filed an affidavit detailing the related attorney's fees. Smith has yet to pay the attorney's fees, and Menard now seeks enforcement of the June 28, 2011 Order.

## Discussion

Menard filed the motion to enforce the June 28, 2011 order on August 9, 2011. Scott did not file a timely response. At the September 16, 2011, telephonic conference, the court directed Scott to file her response on or before September 30, 2011. Scott complied on September 28, 2011. In her brief, Scott's

2

present counsel, Anthony DeBonis of Smith & DeBonis, LLC, explained that Smith, a former member of the law firm, represented Scott prior to his departure from the firm. Smith did not leave any information or materials related to the fee affidavit when he departed, and DeBonis argued that he could not contest the merits of the fee affidavit for this reason. Menard replied to this argument on October 5, 2011.

Although Scott's counsel continually failed to file responses throughout the course of litigation and disregarded deadlines until the court prompted compliance, Scott's counsel decided that he finally would engage in litigation without express direction from the court. Scott filed a surreply on October 6, 2011, without seeking leave of court. Local Rule 7.1(a) permits parties to file an initiating brief, a response, and a reply, but it does not contemplate the filing of a surreply or response to the reply brief. The court generally does not permit litigants to file a surreply brief. *Hall v. Forest River, Inc.*, 2008 WL 1774216, *n.3 (N.D. Ind. April 15, 2009); *Runkle v. United States*, 1995 WL 452975, *1 (N.D. Ind. May 9, 1995). However, "[a] surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law." *Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 2009 WL 3762974, *1 (N.D. Ind. Nov. 9, 2009) (*citing Hall*, 2008

WL 1774216 at *n.3). The court's decision to permit or deny a surreply brief is reviewed under an abuse of discretion standard. ***Cleveland v. Porca Co.***, 38 F.3d 289, 297 (7th Cir. 1994).

Scott's counsel filed the surreply without seeking leave of court and without demonstrating good cause. The brief does not point to any novel developments in the law or a change in the factual circumstances surrounding the dispute, nor does it allege that Menard raised new arguments in its reply. There is nothing in the surreply that could not have been addressed in the initial response. Therefore, the court **STRIKES** Scott's surreply.

Although it is not apparent what, if any, argument DeBonis attempted to raise in the response brief, to the extent DeBonis argues that the law firm of Smith & DeBonis cannot be held liable for Smith's errors, his argument is without merit. At the time the sanctionable events occurred, Smith was an associate at Smith & DeBonis. Federal Rule of Civil Procedure 11(c)(1) states that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." DeBonis did not cite to any exceptional circumstances that might absolve the firm of liability in his response brief. Although DeBonis attempted to raise

this argument in the surreply, the court has stricken the sur-reply and must disregard any arguments raised for the first time in the surreply.  Therefore, the record does not reflect that exceptional circumstances absolve the firm of Smith & DeBonis of liability for the sanctions imposed as a result of its former associate's actions.

_____

For the foregoing reasons, the Motion to Enforce Court's June 28, 2011 Order [DE 38] filed by the defendant, Menard, Inc., on August 9, 2011, is **GRANTED**.  Because DeBonis did not challenge the amount of fees requested, the court **DIRECTS** the law firm of Smith & DeBonis to pay the defendant's reasonable attorney's fees in the amount of $1,989.50, within 14 days of this order.

ENTERED this 7th day of November, 2011

                                s/ ANDREW P. RODOVICH
                                   United States Magistrate Judge