UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SANDRA SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:10-cv-442 |
| MENARD, INC., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion in Limine [DE 96] filed by the defendant, Menard, Inc., on July 28, 2015. For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART**.

*Background*

The plaintiff, Sandra Scott, has alleged that she was a business invitee of the defendant, Menard, Inc., in Gary, Indiana, on June 4, 2009. She has claimed that Menard's failed to maintain stacks of lumber on its premises in a reasonably safe condition. As a result, she has claimed that the stacks of lumber collapsed onto her feet, legs, and ankles when she was removing pieces of lumber from the stacks. Menard's has claimed that the lumber never fell onto Scott, but that Scott dropped a 2 x 4 onto her own foot when loading lumber into her vehicle. Furthermore, Menard's has argued that Scott then left its premises and that any injuries were caused by Scott's own actions.

*Discussion*

Menard's has requested the court to prohibit Scott from presenting evidence of its liability insurance. "Evidence that a person was or was not insured against liability is not

admissible to prove whether the person acted negligently or otherwise wrongfully." **FEDERAL RULE OF EVIDENCE 411**. However, the evidence may be admissible to demonstrate a witness' bias or prejudice or to prove agency, ownership, or control. **RULE 411**. Menard's has argued that none of the factual disputes in this case require evidence of its liability insurance to prove bias, agency, ownership, or control. Additionally, it has claimed that introduction of its liability insurance would unduly prejudice it because the jury may decide the case on improper grounds. Based on Rule 411, this request is **GRANTED**. Scott is prohibited from presenting evidence of Menard's liability insurance. However, Scott may make a detailed offer of proof out of the hearing of the jury if she wants the court to consider admitting the evidence to prove bias, agency, ownership, or control.

Menard's has requested the court to bar evidence of any offers of compromise or statements made in settlement negotiations. Rule 408 prohibits the use of compromise offers and negotiations "to prove or disprove the validity or amount of a dispute claim or to impeach by a prior inconsistent statement or a contradiction . . . ." **FEDERAL RULE OF EVIDENCE 408**. Therefore, this request is **GRANTED**. The parties are prohibited from telling the jury about their settlement negotiations or offers, unless it falls within the exception under Rule 408(b).

Menard's has requested the court to prohibit lay witnesses from testifying about the medical cause of Scott's injuries, her diagnosis, or the necessity for future treatment. It has argued that Scott and any lay witnesses are not qualified as experts and cannot provide expert testimony. Additionally, it has argued that only an expert may explain how Scott's alleged subjective injury was caused. Scott or other lay witnesses may testify about her injuries but they cannot provide any medical opinions or expert testimony. Therefore, this request is **GRANTED**.

Menard's has requested the court to prohibit Scott and her witnesses from testifying what her healthcare providers told her about the cause of her injuries. Menard's has argued that any statements from Scott's medical providers would be offered to show that the accident caused her injuries and would be hearsay. Moreover, it has argued that the statements would not fall under any hearsay exceptions, including Rule 803(4), which allows statements made for purposes of medical diagnosis or treatment. However, that rule does not apply to a physician's statements but applies to statements made to a physician. ***Bombard v. Fort Wayne Newspapers, Inc.***, 92 F.3d 560, 564 (7th Cir. 1996) ("Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient."). Therefore, this request is **GRANTED**. Scott and her witnesses are prohibited from testifying about the statements made by her physicians regarding the cause of her injuries.

Menard's has requested the court to prohibit opinions within Scott's medical records. It has argued that any causation opinions within Scott's medical records that are not reasonably pertinent to a physician providing treatment are inadmissible. ***Cook v. Hoppin***, 783 F.2d 684, 690 (7th Cir. 1986) (citation omitted). Menard's has not referenced any specific opinions from Scott's medical records. However, the court will bar any causation opinions within Scott's medical records that are not reasonably pertinent to a physician providing treatment. Furthermore, it has argued that any medical opinions within Scott's medical records must be given by a qualified expert. Again, Menard's has not referenced any opinions within Scott's medical records. However, absent a showing by Menard's that the medical provider was not qualified, the opinion is admissible. Therefore, this request is **GRANTED IN PART**.

Menard's has requested the court to prohibit Scott's treating physicians from testifying about information outside of their medical records. It indicated that treating physicians are

3

required to produce a report when their proposed testimony will go outside of their medical records, otherwise their testimony is limited to information within their medical records. Menard's has argued that Scott's treating physicians should be limited to testifying to information contained within their medical records. However, it has not indicated whether Scott has disclosed any experts or whether those experts have disclosed a report pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Therefore, this request is **DENIED**.

Menard's has requested the court to prohibit Scott from referencing any discovery disputes or allegations of untimely document production. Menard's has argued that any discovery disputes are irrelevant to the trial and that any reference of those disputes to the jury would be prejudicial to it. Evidence of any discovery disputes is not relevant to the trial. Therefore, this request is **GRANTED**.

Menard's has requested the court to prohibit references to motions filed by the parties. It has argued that any reference to the parties' motions is irrelevant and would cause unfair prejudice. The parties' motions are not relevant to the trial. Therefore, this request is **GRANTED**.

Menard's has requested the court to prohibit Scott from making a "Golden Rule" appeal to the jury. "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" ***United States v. Teslim***, 869 F.2d 316, 328 (7th Cir. 1989) (quoting ***Spray-Rite Serv. Corp. v. Monsanto Co.***, 684 F.2d 1226, 1246 (7th Cir. 1982), *aff'd*, 465 U.S. 752, 104 S. Ct. 1464, 79 L. Ed. 2d 775 (1984) (citation omitted); *see* ***United States v. Roman***, 492 F.3d 803, 805–06 (7th Cir. 2007). Therefore, this request is **GRANTED**.

Menard's has requested the court to prohibit any reference to its corporate status. It has argued that any reference to its corporate status is irrelevant to the issues of this trial. Moreover, it has claimed that any reference to its corporate status would evoke prejudice from the jury. Menard's corporate status is not relevant to this trial. Furthermore, evidence of its corporate status has minimal probative value but could prejudice Menard's if the jury views it as a large, well-financed institution. The probative value of Menard's corporate status is substantially outweighed by the danger of unfair prejudice. Therefore, this request is **GRANTED**.

Menard's has requested the court to prohibit reference to the underlying facts during *voir dire*. The court will conduct the *voir dire* process. Thus, the parties will not have an opportunity to reference the underlying facts of this case. Therefore, this request is **DENIED**.

Menard's has requested the court to prohibit witnesses from offering legal conclusions. Witnesses may not offer legal conclusions that will determine the outcome of the case. ***Good Shepherd Manor Found., Inc. v. City of Momence***, 323 F.3d 557, 564 (7th Cir. 2003). Therefore, this request is **GRANTED**.

Menard's has requested the court to exclude illegible medical records. It has argued that individual jurors may have different interpretations of illegible evidence. Therefore, the admission of illegible evidence creates a substantial danger that the jury will be misled by an incorrect interpretation of the evidence. The court agrees that illegible evidence creates a substantial danger that the jury will be misled. Therefore, this request is **GRANTED**. The court will exclude any evidence that it finds illegible.

Menard's has requested the court to prohibit any reference to the financial situation of the parties. "Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper

5

and may be cause for reversal." ***Adams Labs., Inc. v. Jacobs Eng'g Co., Inc.***, 761 F.2d 1218, 1226 (7th Cir. 1985). Therefore, this request is **GRANTED**. The parties are prohibited from referencing their relative wealth or financial resources to the jury.

Menard's has requested the court to prohibit any "send a message" arguments. It has claimed that a "send a message" argument would be unfairly prejudicial and improper. Additionally, it noted that such an argument is improper in non-punitive damage cases and it argued that Scott cannot sustain a claim for punitive damages. *See* ***Vineyard v. Cnty. of Murray, Ga.***, 990 F.2d 1207, 1213 (11th Cir. 1993). This court agrees that such an argument would be unfairly prejudicial. Therefore, this request is **GRANTED**.

Menard's has requested the court to bar reference to the testimony of non-called witnesses. It has claimed that any reference to Menard's failure to call a witness, even without an indication of what the witness might testify, would invite speculation. The court agrees that reference to non-called witnesses would create speculation. Therefore, this request is **GRANTED**.

Menard's has requested the court to bar reference to any witnesses, exhibits, or contentions that were not disclosed timely pursuant to discovery requests or the court's pretrial conference order. It noted that the court ordered the parties to exchange witness and exhibit lists by July 17, 2015, but that Scott failed to serve her witness and exhibit lists. Therefore, it has argued that it would be "unfair surprise" and trial by ambush if Scott were allowed to introduce witnesses and exhibits not disclosed pursuant to the court's order. Considering Scott's *pro se* status, the court will allow her to present her case. Therefore, this request is **DENIED**.

Menard's has requested the court to prohibit evidence of dissimilar, unrelated accidents against it. It has not listed any specific accidents. Accidents dissimilar and unrelated to this action are irrelevant to this trial. Therefore, this request is **GRANTED**.

Menard's has requested the court to prohibit evidence of any wrongdoing by it before or after the alleged incident in this case. It has not identified any specific wrongdoing. However, any alleged wrongdoing outside of Scott's complaint that is dissimilar and unrelated to this accident is irrelevant to this case. Therefore, this request is **GRANTED**.

Finally, Menard's has requested the court to prohibit any evidence of Scott's lost wages or lost earning capacity. This court set a discovery deadline of May 30, 2013. On April 25, 2012, Scott answered Menard's Interrogatory No. 20, which asked whether she would claim any lost wages or lost earning capacity. Scott responded that she was not because she was retired. However, at the Final Pretrial Conference, on July 6, 2015, Scott indicated that she would claim lost wages and lost earning capacity. She has not supplemented her Interrogatory Answer to indicate that she would claim lost wages or lost earning capacity.

Menard's has argued that Scott should be barred from presenting such evidence pursuant to Federal Rule of Civil Procedure 37(c)(1). However, considering Scott's *pro se* status, the court will not bar her from presenting evidence of lost wages or lost earning capacity at this time. Therefore, this request is **DENIED**.

Based on the foregoing reasons, the Motion in Limine [DE 96] is **GRANTED IN PART and DENIED IN PART**.

ENTERED this 30th day of July, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge